IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARRYL KIMMIS,                        §
                                      §
                Plaintiff,            §
                                      §  Civil Action No. 3:10-CV-1535-D
VS.                                   §
                                      §
JOHN R. ATCHLEY, JR., d/b/a           §
AMERICAN NEGOTIATORS a/k/a            §
CORNERSTONE WEALTH, et al.,           §
                                      §
                Defendants.           §

MEMORANDUM OPINION
AND ORDER

Following the failure of defendant John R. Atchley, Jr. ("Atchley"), d/b/a American

Negotiators a/k/a Cornerstone Wealth, to perform under an agreed settlement of this lawsuit,

plaintiff Darryl Kimmis ("Kimmis") filed a motion for entry of agreed judgment and request

for receivership, and he also requested sanctions under Fed. R. Civ. P. 11 and an award of

attorney's fees.  In a prior order, the court denied Kimmis' request for Rule 11 sanctions,

and, following an evidentiary hearing, the court granted Kimmis' motion for entry of the

agreed judgment.  For the reasons that follow, the court now denies without prejudice

Kimmis' request for appointment of a receiver and denies his request for an award of

attorney's fees.

I

Kimmis filed this lawsuit in state court against Atchley and another defendant.  After

the case was removed based on diversity of citizenship, Kimmis and Atchley reached a

settlement that involved the following three documents: a Rule 11 Settlement Agreement ("the Rule 11 Agreement"),[1] a Settlement Agreement and Release ("Settlement Agreement"), and an Agreed Final Judgment ("Agreed Judgment"). The Rule 11 Agreement set out a payment schedule under which Atchley agreed to pay the total sum of $51,200, with the final installment due on December 30, 2013. The Settlement Agreement, signed June 15, 2012, provided, *inter alia*, that should Atchley make any payment more than ten days late, "the Agreed Judgment for the full settlement amount . . . will be effective and executed in any manner allowable by the applicable statutes." P. Mot. Ex. B, at 3, ¶ 2.4.[2] The Settlement Agreement also provided that each party must pay its own attorney's fees, except that

> if any lawsuit is filed alleging a breach of this Agreement or litigation regarding the . . . AGREED JUDG[]MENT, then the prevailing party shall be entitled to recover his/its attorneys' fees and costs of litigation in accordance with his/its relative success on the merits of any claim or defense alleged in the litigation.

*Id.* at 5, ¶ 8. The Agreed Judgment entitled Kimmis to recover judgment from Atchley in the principal amount of $51,200, plus post-judgment interest at the rate of 5.00% per annum. P. Mot. Ex. C., at 1-2.

It is undisputed that Atchley has repeatedly been late in making the installment payments required under the Settlement Agreement. After Atchley missed the payment due

---

[1]In the Rule 11 Agreement, the parties cited *Federal* Rule of Civil Procedure 11. But it is *Texas* Rule of Civil Procedure 11, not *Federal* Rule 11, that pertains to settlement agreements.

[2]The court cites the motion record, but Kimmis also presented the pertinent documents at the evidentiary hearing.

in December 2013, Kimmis filed the instant motion for agreed judgment and request for receivership.  Immediately thereafter, Atchley notified the court that he had filed for bankruptcy, and the court declined to act on Kimmis' motion due to the automatic bankruptcy stay.  After the stay was lifted, Kimmis requested that the court reinstate and reconsider his motion, but the court denied the request after Atchley notified the court of a second bankruptcy filing.  After the second stay was lifted, Kimmis requested that his motion be reinstated.  The court granted the motion, although it also denied his request for Rule 11 sanctions.  The court then held an evidentiary hearing on the balance of his motion, granting his motion for entry of the Agreed Judgment, and taking under advisement his requests for appointment of a receiver and an award of attorney's fees.

II

Kimmis requests that the court appoint a receiver to take control and possession of all forms of Atchley's assets to hold or to effect the sale of the assets to satisfy the Agreed Judgment.

A

Under Rule 66, the appointment of a receiver can be sought "by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (quoting 7 James Moore, et al., *Moore's Federal Practice* § 66.04(3) (2d ed. 1996)).

> Receivership may be an appropriate remedy for a judgment
> creditor who seeks to set aside allegedly fraudulent conveyances
> by the judgment debtor, or who has had execution issued and
> returned unsatisfied, or who proceeds through supplementary
> proceedings pursuant to Rule 69, or who seeks to subject
> equitable assets to the payment of his judgment, or who
> otherwise is attempting to have the debtor's property preserved
> from dissipation until his claim can be satisfied.

*Id.* (quoting 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 2983 (1973)). "Receivership is 'an extraordinary remedy that should be employed with the

utmost caution' and is justified only where there is a clear necessity to protect a party's

interest in property, legal and less drastic equitable remedies are inadequate, and the benefits

of receivership outweigh the burdens on the affected parties." *Netsphere, Inc. v. Baron*, 703

F.3d 296, 305 (5th Cir. 2012) (quoting 12 Wright & Miller, *supra* § 2983).  In determining

whether there is a need for a receiver, courts have considered the following factors: (1) the

validity of the claim of the party seeking a receiver; (2) the probability that fraudulent

conduct has occurred or will occur to frustrate that claim; (3) imminent danger that property

will be concealed, lost, or diminished in value; (4) inadequacy of legal remedies; (5) lack of

a less drastic equitable remedy; and (6) the likelihood that appointing a receiver will do more

harm than good.  *See World Fuel Servs. Corp. v. Moorehead*, 229 F.Supp.2d 584, 596 (N.D.

Tex. 2002) (Lindsay, J.) (citing *Santibanez*, 105 F.3d at 241).

B

The court finds and concludes that the circumstances of this case do not yet warrant

the appointment of a receiver.  Although there is no question that Kimmis has a valid

claim—in fact, the Agreed Judgment has already been entered—Kimmis failed to prove at the evidentiary hearing that there is a probability at this point that fraudulent conduct has occurred or will occur, or that there is an imminent danger that Atchley's property will be concealed, lost, or diminished in value. The Agreed Judgment was only entered in this case on November 14, 2014, and Kimmis failed to demonstrate the inadequacy of existing legal remedies, or that a less drastic equitable remedy that would enable him to collect the judgment is unavailable. In particular, Kimmis did not prove that the legal or equitable remedies available to him as a judgment creditor have failed to enable him to collect the Agreed Judgment. Until Kimmis can make such a showing, the appointment of a receiver is premature.

Therefore, the court denies without prejudice Kimmis' request for appointment of a receiver.

### III

Kimmis also requests that the court order Atchley to pay the reasonable attorney's fees and costs that he has incurred in filing and arguing his motion for entry of agreed judgment and request for receivership.

### A

Determining whether Kimmis is entitled to an award of attorney's fees requires the court to construe the Settlement Agreement, which provides that it is to be interpreted according to Texas law. Under Texas law, "[i]n construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the

- 5 -

instrument." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).  To achieve this objective, the court should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.  *Id.*

B

Paragraph 8 of the Settlement Agreement provides that the prevailing party can recover his or its attorney's fees "if any lawsuit is filed alleging a breach of [the Settlement Agreement] or litigation regarding the attached Agreed Judg[]ment . . . in accordance with his/its relative success on the merits of any claim or defense alleged in the litigation."  P. Mot. Ex. B, at 5, ¶ 8.  Regarding the first circumstance addressed in ¶ 8, Kimmis has not filed a lawsuit alleging a breach of the Settlement Agreement.  As for the second, Kimmis' counsel asserted at the evidentiary hearing that the instant motion for entry of agreed judgment qualifies as  "litigation regarding the . . . Agreed Judg[]ment," and by virtue of prevailing on the motion, he is entitled to an award of attorney's fees.

The question is whether "litigation regarding the . . . Agreed Judg[]ment" includes, as here, a motion that merely seeks entry of the Agreed Judgment as the contractual penalty for Atchley's failure to make the required installment payments under the Settlement Agreement.  When the court interprets ¶ 8 in the context of the entire Settlement Agreement, it concludes as a matter of law that such a motion does not fall within the scope of "litigation regarding the . . . Agreed Judg[]ment."

When addressing the "litigation" that gives rise to a right to attorney's fees, ¶ 8 refers to a party's "relative success on the merits of any claim or defense alleged in the litigation."

*Id.* Thus when using the term "litigation," the parties intended to refer to a proceeding in which the parties could present claims and/or defenses. This suggests something more akin to a separate, stand-alone lawsuit than to a motion filed in this lawsuit to enforce a remedy made available by the Settlement Agreement itself. A motion filed in this lawsuit is more akin to a perfunctory request than to a lawsuit in which a "claim" is asserted or a "defense" to a claim is raised. The court therefore holds that Kimmis' instant motion for entry of agreed judgment does not fall within the scope of ¶ 8 of the Settlement Agreement.

Accordingly, because Kimmis does not qualify for an award of attorney's fees under the Settlement Agreement, and he has demonstrated no other basis on which to recover attorney's fees, his request for an award of fees is denied.

\*   \*   \*

For the reasons explained, the court denies without prejudice Kimmis' request for appointment of a receiver and denies his request for an award of attorney's fees.

**SO ORDERED.**

December 3, 2014.


_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE